IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRENT SCOTT BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | 7:16CV5007 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | **MEMORANDUM** |
| NEBRASKA HEALTH & HUMAN | ) | **AND ORDER** |
| SERVICES, CUSTER COUNTY, | ) | |
| CUSTER COUNTY DISTRICT | ) | |
| ATTORNEY, and AMANDA MAE | ) | |
| WILDER-BAKER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff's Complaint. (Filing No. 1.) Plaintiff, an inmate at the United States Penitentiary in Marion, Illinois, has been granted leave to proceed in forma pauperis (Filing No. 8). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2), which requires the court to dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action for injunctive and monetary relief against the State of Nebraska and Custer County and two of their agencies and against an individual named Amanda Mae Wilder-Baker. Plaintiff alleges that the defendants used "a 'Notice by Publication' as a means of 'Notice' to the Plaintiff in termination of parental rights and/or adoption proceedings" and that such notice, appearing in a weekly Custer County newspaper, violated his due process rights. (Filing No. 1 at

CM/ECF pp. 3, 6-7 (capitalization corrected).) Plaintiff requests "an injunction & reversal in the termination of parental rights and/or adoption proceedings of Destani Ogden-Wilder" and asks that this court issue an order "compel[ling] the Custer County District Court to accept a posthumous filing for adoption of Destani Ogden by Brent Bailey, her biological father." (Filing No. 1 at CM/ECF p. 5 ¶¶ 22-23 (capitalization corrected).)

## II. DISCUSSION

Because Plaintiff's Complaint requests "reversal" of the Custer County District Court's "termination of parental rights and/or adoption proceedings of Destani Ogden-Wilder" and alleges that the notice provided to him regarding the result of those proceedings violated his rights to due process, resolution of such claims in this court is barred by what is known as the *Rooker-Feldman* doctrine.

Only the Supreme Court has the authority to entertain a proceeding to reverse or modify a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also* 28 U.S.C. § 1257(a) (granting the United States Supreme Court the power to review final judgments rendered by high courts of a state). In addition, federal courts do not have jurisdiction to review final state court judgments in judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). Together, these two principles have merged to become the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine stands for the proposition that federal district courts lack subject matter jurisdiction to review final state judgments or to review claims that are inextricably intertwined with state court decisions, "even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. *See Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (explaining limited scope of the *Rooker-Feldman* doctrine); *Lemonds v. St. Louis County*, 222 F.3d 488, 492-95 (8th Cir. 2000) (*Rooker-Feldman* doctrine forecloses indirect

attempts to undermine state court decisions; federal constitutional claim is "inextricably intertwined" with state court judgment if federal claim succeeds only to extent state court wrongly decided issue before it).

Here, Plaintiff wants the court to reverse a state court's decision, order the state court to accept a "filing for adoption" of Plaintiff's biological child, and to assess damages for the unconstitutional way in which Plaintiff was advised of the state court's decision. It is not possible for this court to grant the requested relief without disrupting the parental-rights and adoption decisions of the Custer County District Court. Therefore, this court lacks subject matter jurisdiction over Plaintiff's claims, and this suit must be dismissed. *Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (concluding *Rooker-Feldman* doctrine barred district court from considering plaintiff's claim that state court unconstitutionally infringed his parental rights); *Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir. 1996) (stating that it is "inappropriate for a federal court to address a claim that necessitates invalidating a state court judgment on a matter committed to the states in order to grant the relief sought").

Because allowing Plaintiff to amend his Complaint would be futile, the court will dismiss this action instead of allowing further amendment. *Mawhiney v. Warren Distribution, Inc.*, No. 8:05CV466, 2007 WL 188713, at *2 (D. Neb. Jan. 22, 2007) (denying leave to amend as futile when consideration of plaintiff's claims was barred by *Rooker-Feldman* doctrine); *Ellis v. City of Minneapolis*, No. CIV. 12-57, 2012 WL 4449850, at *2 (D. Minn. Sept. 26, 2012), *aff'd*, 518 F. App'x 502 (8th Cir. 2013) (amendment of complaint would have been futile when claims were barred in part by *Rooker-Feldman* doctrine).

Accordingly,

IT IS ORDERED:

3

1. For the reasons stated above, this action is dismissed for lack of subject matter jurisdiction without prejudice to refiling in the proper state court; and

2. Judgment shall be entered by separate document.

DATED this 13th day of February, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge